UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES HERMANSON,<br><br>    Plaintiff,<br><br>v.<br><br>LYON COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | 3:15-cv-00526-RCJ-VPC<br><br>ORDER |

## I. DISCUSSION

On April 21, 2016, the Court issued its screening order on Plaintiff's amended complaint, denying his Eighth Amendment conditions of confinement claim with prejudice, and permitting Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim to proceed if Plaintiff could learn the identity of one of the John/Jane Doe Lyon County Sheriff's Office officials who ignored the recommendation from Dr. Files that Plaintiff be committed to a mental hospital. (ECF No. 8 at 8). The Court granted Plaintiff thirty days to provide the U.S. Marshal with the required USM-285 form with relevant information as to the Lyon County Sheriff's Office on the forms. (*Id.* at 9).

On April 29, 2016, Plaintiff filed his interrogatories with the Court. (ECF No. 10-1). The Court returned the documents, noting that pursuant to Local Rules of Civil Practice, Rule 26-8,

interrogatories, responses, and proofs of service shall not be filed with the Clerk of Court, unless ordered by the Court. (ECF No. 10). Plaintiff's interrogatories were to be sent to the Lyon County Sheriff's Office directly by Plaintiff.[1]

In a letter to the Court, Plaintiff wrote that he does not know where to send his interrogatories. (ECF No. 10-2). Additionally, Plaintiff asked whether he needed USM-285 forms for each of four individuals: Parada, Champa, Verdugo, and Peak.[2] (*Id.*). If these individuals were employees of the Lyon County Sheriff's Office during the relevant period, then no separate USM-285 form is necessary. More importantly, if Plaintiff believes these names to be the names of the defendants who allegedly violated his constitutional rights, then Plaintiff should file a second amended complaint using these names.[3]

According to the U.S. Marshal's Office, Plaintiff filed his USM-285 forms on June 1, 2016. On June 9, 2016, the USM-285 was served on Lyon County Sheriff's Office. (ECF No. 12). The initial time line provided by the Court in its second screening order must be revised to allow time for Plaintiff's interrogatories to be served by Plaintiff, for the Lyon County Sheriff's Office to respond, and for Plaintiff to file his amended complaint. The Court shall therefore provide an extension on the deadlines created in its screening order. Once Plaintiff learns the identity of the John/Jane Doe Lyon County Sheriff's Office officials, he shall file his amended complaint. If Plaintiff believes that he already knows the identities of those individuals, he may file his second amended complaint immediately naming those individuals. The Court shall provide Plaintiff with an additional USM-285 form to be used only if Plaintiff believes that he provided incorrect information to the U.S. Marshal's Office.

The Court reiterates that if Plaintiff chooses to file a second amended complaint he is advised that the second amended complaint supersedes the first amended complaint and,

---

[1] The Lyon County Sheriff's Office address is 911 Harvey Way #1 Yerington, NV 89447.

[2] The purpose of the limited discovery is to provide Plaintiff with an opportunity to ascertain the identity of unknown defendants to name them in his complaint. Limited discovery is unnecessary if Plaintiff already knows their names.

[3] None of these names appeared in Plaintiff's first amended complaint.

thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

Plaintiff has also filed a second motion for counsel (ECF No. 11), stating he believes an attorney can better help put all of his facts into place. As the Court stated in its original screening order, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Plaintiff has not demonstrated that exceptional circumstances exist that warrant the appointment of counsel. As such, the Court denies Plaintiff's second motion for appointment of counsel.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff shall file his amended complaint identifying at least one Doe defendant by name within 60 days from the date of entry of this order. Plaintiff may also provide the title or position of Doe defendants. If Plaintiff believes Parada, Champa, Verdugo, and Peak are the defendants responsible for the violation of his constitutional rights, then he should name them and explain their participation in the

violations in his second amended complaint.

IT IS FURTHER ORDERED that Plaintiff is given leave to file three interrogatories with the Lyon County Sheriff's Office on the limited basis of attempting to ascertain the true identities and names of the Doe defendant(s). Plaintiff shall send these interrogatories directly to the Lyon County Sheriff's Office at 911 Harvey Way #1 Yerington, NV 89447.

IT IS FURTHER ORDERED that the Clerk of Court shall send to Plaintiff the approved form for filing a § 1983 complaint and the instructions for the same. If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff fails to timely file a second amended complaint naming at least one Doe defendant by name, as outlined in this order, this action shall be dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's second motion for appointment of counsel (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that as stated in the Court's screening order (ECF No. 8 at 8:14-17), the Lyon County Sheriff's Office shall enter **a limited notice of appearance**, within 30 days of being served, on behalf of Defendants for the **limited purpose** of conducting limited pre-service discovery in an effort to ascertain the true identities of the Doe defendant(s).

IT IS FURTHER ORDERED that the Clerk of Court shall send to Plaintiff one (1) USM-285 form, one copy of his first amended complaint (ECF No. 6), a copy of the Court's second screening order (ECF No. 8), and a copy of this order. If Plaintiff believes that he incorrectly filed his initial USM-285 form (and limited discovery is necessary because the names listed in Plaintiff's letter to the Clerk of Court do not actually represent the defendants who allegedly violated Plaintiff's constitutional rights), he shall, within thirty (30) days, send the U.S. Marshal the required and completed USM-285 form with the relevant information as to the Lyon County Sheriff's Office on the forms. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must

file a notice with the Court identifying whether the Lyon County Sheriff's Office was served. Plaintiff must provide this notice for his original USM-285, and for the second USM-285 form, should he choose to use it.

DATED: This 14th day of June, 2016.

_____
United States Magistrate Judge

5